UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDA ALI,

    Plaintiff,

v

TARGET CORPORATION,

    Defendant.

Case No. _____

Hon. _____

| Hassan Zaarour (P83043) | Courtney A. Krause (P70581) |
|---|---|
| Attorney for Plaintiff | GARAN LUCOW MILLER, P.C. |
| 835 Mason St. Ste C-116 | Attorney for Defendant |
| Dearborn   MI   48124 | 1155 Brewery Park Blvd. Ste 200 |
| (313) 702-2212 | Detroit   MI   48207 |
| law@hassanzaarour.com | (313) 446-5522 |
| | ckrause@garanlucow.com |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

TO:  Hassan Zaarour (P83043)
       Attorney for Plaintiff
       835 Mason St. Ste C-116
       Dearborn, MI 48124

PLEASE TAKE NOTICE that Defendant Target Corporation ("Target") is removing the above-captioned action from the Wayne County Circuit Court, State of Michigan (the "State Court"), to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3),

1

(c)(2)(A)(ii) and 3(A). Defendant makes no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of service of process and its objections to the merits and sufficiency of Plaintiff's pleadings. As grounds for removal, Defendant states as follows:

1. Plaintiff Feda Ali filed this action on July 9, 2025, as Case Number 25-010576-NI in the State Court. A copy of the State Court record, including copies of the summons, complaint, and any other papers received by Target Corporation are attached hereto.

2. This Notice of Removal is timely under 28 U.S.C. § 1446(3) because it was filed within thirty days after it could first be ascertained that this case is removable. Specifically, Defendant Target Corporation received the summons and complaint by certified mail on July 14, 2025, with the Complaint requesting unspecified damages in excess of $25,000. Thereafter, on August 4, 2025, Plaintiff's counsel sent correspondence to Defendant requesting damages of $200,000.00 from Defendant for Plaintiff's alleged injuries. This Notice of Removal was therefore filed within thirty days of Defendant Target Corporation's receipt of information on August 4, 2025 from which it was first ascertained that the case is removable.

3. This action is properly removed to this Court under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332,

2

and because Defendant Target Corporation has satisfied the procedural requirements for removal.

5. Venue is proper in the United States District Court for the Eastern District of Michigan, as this is the district embracing the place where the State Court case is pending, *i.e.*, City of Detroit, Wayne County, Michigan. *See* 28 U.S.C. §§ 102(a)(1), 1441(a).

6. This matter is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is an action between the citizen of a State and a citizen of a foreign state. The basis for diversity is demonstrated more fully below:

    a. <u>Plaintiff</u>: In the first paragraph of her complaint, Plaintiff Feda Ali states that she is a resident of Wayne County, State of Michigan. Plaintiff does not allege that she is a permanent resident or citizen of another state. For diversity purposes, Plaintiff's domicile is in Wayne County, Michigan, and therefore, Plaintiff is a citizen of the State of Michigan. *See Newman-Green, Inc.* v *Alfonzo-Larrain,* 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

3

  b. <u>Target Corporation</u>: Target Corporation is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota. For diversity purposes, "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 12 U.S.C. § 1332(c)(1). Therefore, Defendant is a citizen of the State of Minnesota.

7. Complete diversity exists because Plaintiff is a citizen of Michigan and Defendant Target Corporation is a citizen of Minnesota.

8. Under 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gafford v. Gen.Elec.Co.,* 997 F.2d 150, 158 (6th Cir. 1993). Where the state court rule provides that Plaintiff may not aver a specific amount for unliquidated damages, the Defendant may remove the case upon receipt of a paper relating to the amount in controversy by which it is first ascertained that the case is or has become removeable. 28 U.S.C. § 1446(c)(2)(A)(ii), (3)(A). Michigan is a state that prohibits a specific amount being demanded for unliquidated damages such as the injuries alleged in Plaintiff's complaint. See, MCR 2.111(B)(2).

4

9.   Plaintiff's complaint in this action requests damages in excess of $25,000 including "[c]ompensatory damages for pain and suffering, emotional distress, and loss of enjoyment of life; [e]conomic damages including past and future medical expenses and loss of household services; and [d]amages for emotional and psychological harm including interference with family milestones" (Complaint, p. 6). Plaintiff's complaint goes on to state that "[s]ince the incident, Plaintiff has experienced persistent back pain, limited mobility, and an inability to complete daily tasks." *Id.* at ¶ 17. On August 4, 2025, after service of the Complaint on Defendant, Plaintiff's counsel advised Target Corporation via email correspondence that she was seeking $200,000.00 in damages. The State of Michigan permits recovery of damages in excess of the amount demanded in the initial pleadings and, together with Plaintiff's subsequent notice that she was seeking $200,000 in damages, the federal district court may find, by a preponderance of the evidence, that the amount in controversy meets the federal requirement for diversity jurisdiction under 28 U.S.C. § 1446(c)2)(A)(ii).

10.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed concurrently with the Clerk of the Wayne County Circuit Court, State of Michigan, and served on all adverse parties. A copy of the Notice of Filing Notice of Removal in the State Court, without exhibits, is attached hereto as Exhibit A.

11.  Based on the foregoing, Defendant Target Corporation is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq.*

WHEREFORE, Defendant Target Corporation respectfully requests that this court take jurisdiction over this action and grant such other relief as this court deems proper.

Date: August 25, 2025                    Respectfully Submitted,

                                         GARAN LUCOW MILLER, P.C.

                                         /s/Courtney A. Krause
                                         Courtney A. Krause
                                         1155 Brewery Park Blvd. Ste 200
                                         Detroit.   MI.   48207
                                         (313) 446-5522
                                         ckrause@garanlucow.com
                                         P70581

6

## CERTIFICATE OF SERVICE

The undersigned states that on August 25, 2025, a copy of the above paper, all related exhibits and documents, and this certificate of service were served upon:

Hassan A. Zaarour
Zaarour Law PLLC
835 Mason St. Ste C-116
Dearborn   MI   48124

via first class United States mail.

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: August 25, 2025           /s/Courtney A. Krause
                                 Courtney A. Krause

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-010576-NI<br>Hon. Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Ali, Feda | v | Defendant's name(s), address(es), and telephone no(s).<br>Target Corporation |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Hassan Ali Zaarour 83043<br>835 Mason St Ste C116<br>Dearborn, MI 48124-2222 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____. The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/9/2025 | Expiration date*<br>10/8/2025 | Court clerk<br>Zakkarah Parsons |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)     SUMMONS     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN

IN THE THIRD JUDICIAL CIRCUIT COURT

Feda Ali

        Plaintiff,

v

Target Corporation

        Defendant.

Case No.    NI
Judge

---

Hassan Zaarour (P 83043)
Attorney for Plaintiffs
835 Mason St STE C-116
Dearborn, MI 48124
law@hassanzaarour.com
(313) 702-2212

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

## Complaint

NOW COMES Plaintiff, Feda Ali, by and through Counsel, Zaarour Law, PLLC, and for Plaintiff's Complaint states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Feda Ali is an individual who resides in Wayne County, Michigan.

2. Defendant Target Corporation a corporation registered to do business in the State of Michigan, and operates retail locations throughout the State, including one located near Greenfield Road and Ford Road in Dearborn, Michigan.

3. Jurisdiction in this Court is proper because the amount in controversy exceeds $25,000.

4. Venue is proper in Wayne County pursuant to MCL 600.1621 because the events giving rise to this claim occurred in this County and Defendant transacts business in this County.

## COMMON ALLEGATIONS

5. On or about May 19, 2024, at approximately 2:20 PM, Plaintiff was lawfully on Defendant's premises as a business invitee at the Dearborn Target store near Greenfield and Ford Road.

6. While walking through an aisle, Plaintiff slipped and fell due to spilled shampoo on the floor.

7. The spilled shampoo was white and blended with the white floor, making it difficult to detect.

8. Plaintiff did not observe the spill prior to her fall and had no warning that the hazard was present.

9. There were no cones, signs, or warnings alerting customers of the dangerous condition.

10. The area was well-lit, and following the fall, a manager from Target arrived and expressed anger at employees for allowing the spill to go unattended.

11. An incident report was completed at the scene and photographs were taken of the hazardous condition.

12. Plaintiff was not made aware of the condition prior to the incident and did not contribute to its creation.

13. Plaintiff suffered immediate pain in her lower back and was transported to Beaumont Hospital in Dearborn for treatment by Dearborn EMS.

14. Plaintiff was accompanied by her daughter, who witnessed the fall.

15. Plaintiff subsequently sought medical treatment, but her Medicaid coverage wasn't sufficient to continue treatment, preventing further care.

16. Following the incident, an internal report was generated by Target Corporation documenting the event, which was assigned Incident Reference Number 224968255. This report confirms the occurrence of the slip and fall on May 19, 2024, at the Dearborn store near

Greenfield and Ford Road, and reflects that Target had actual or constructive notice of the hazardous condition and the resulting injury suffered by Plaintiff.

17. Since the incident, Plaintiff has experienced persistent back pain, limited mobility, and an inability to complete daily tasks.

18. Plaintiff's injuries have interfered with her ability to care for her four children and disrupted important family milestones.

19. Critically, the incident occurred just weeks before her daughter's wedding, and Plaintiff was unable to participate in the wedding preparations or attend the celebration.

20. Plaintiff has incurred damages including pain and suffering, emotional distress, loss of normal life, and economic losses.

## CAUSES OF ACTION

## COUNT I: PREMISES LIABILITY

21. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully stated herein.

22. At all relevant times, Plaintiff was a business invitee, and Defendant owed her the highest duty of care under Michigan law.

23. Defendant breached its duty of care by failing to inspect, maintain, clean, or warn of the hazardous condition created by the spilled shampoo.

24. Defendant knew or, through the exercise of reasonable care, should have known of the dangerous condition.

25. The dangerous condition was not open and obvious to Plaintiff, or alternatively, the condition had special aspects that made it effectively unavoidable and posed an unreasonably high risk of severe harm.

26. As a direct and proximate result of Defendant's negligence, Plaintiff suffered significant injuries and damages as described above.

## COUNT II: GENERAL NEGLIGENCE

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. Defendant had a duty to exercise reasonable care in maintaining a safe premises and supervising employees.

29. Defendant breached this duty by negligently failing to detect and remove the spill, and by failing to implement and follow proper safety procedures.

30. Defendant's breach of duty directly and proximately caused Plaintiff's injuries and damages.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Plaintiff experienced severe emotional distress, anxiety, and humiliation as a direct result of her fall and the resulting injuries.

33. The emotional distress was accompanied by physical harm and functional disability, especially in relation to the inability to participate in her daughter's wedding.

34. Defendant's negligence foreseeably caused Plaintiff's emotional distress.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates by reference paragraphs 1 through 34.

36. Defendant's conduct in failing to warn or remedy the hazardous condition, despite actual or constructive knowledge, and the post-incident handling constituted extreme and outrageous conduct under the circumstances.

37. Defendant either intended to cause, or acted with reckless disregard of the probability of causing, Plaintiff to suffer severe emotional distress.

38. Plaintiff did in fact suffer extreme emotional distress, humiliation, and disruption of her family life.

### COUNT V: RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

39. Plaintiff incorporates by reference paragraphs 1 through 38.

40. All negligent and reckless actions and omissions described herein were committed by employees, agents, or representatives of Defendant Target Corporation within the course and scope of their employment.

41. Defendant is vicariously liable for the acts and omissions of its employees under the doctrine of respondeat superior

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

### RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and award:

A. Compensatory damages for pain and suffering, emotional distress, and loss of enjoyment of life;

B. Economic damages including past and future medical expenses and loss of household services;

C. Damages for emotional and psychological harm including interference with family milestones;

D. Reasonable attorney's fees and costs as permitted by law;

E. Any other relief the Court deems just and appropriate.

Respectfully Submitted,

                                            **Zaarour Law, PLLC**

Dated: July 8, 2025                  <u>/s/Hassan Zaarour, Esq</u>
                                                  Hassan Zaarour (P83043)
                                                  Attorney for Plaintiff
                                                  835 Mason St
                                                  Suite C-116
                                                  Dearborn, MI 48124
                                                  law@hassanzaarour.com
                                                  (313) 702-2212

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FEDA ALI,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No. 25-010576-NI

Hon. Charlene M. Elder

| | |
|---|---|
| HASSAN ZAAROUR (P83043)<br>Attorney for Plaintiff<br>835 Mason St. Ste C-116<br>Dearborn   MI   48124<br>(313) 702-2212<br>law@hassanzaarour.com | COURTNEY L. KRAUSE (P70581)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant Target Corporation<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207<br>(313) 446-5522 / (313) 259-0450 (Fax)<br>ckrause@garanlucow.com |

**APPEARANCE**

PLEASE ENTER the appearance of Courtney Krause of GARAN LUCOW MILLER, P.C. as attorney for Defendant TARGET CORPORATION in the above-entitled cause.

    Respectfully Submitted,

    GARAN LUCOW MILLER, P.C.

    /s/ Courtney A. Krause
    COURTNEY A. KRAUSE (P70581)
    Attorney for Defendant Target Corporation
    1155 Brewery Park Blvd., Suite 200
    Detroit, MI 48207
    313.446.5522
    ckrause@garanlucow.com

Dated: July 24, 2025

25-010576-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   7/24/2025 9:11 AM   Yolanda Payne

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective addresses as disclosed by the pleadings of record herein on July 24, 2025.

By:   ■ E-File & Serve         □ Facsimile
      □ Hand Delivery          □ Overnight Courier

*I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.*

/s/ Courtney A. Krause

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FEDA ALI,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No. 25-010576-NI

Hon. Charlene M. Elder

---

| HASSAN ZAAROUR (P83043) | COURTNEY L. KRAUSE (P70581) |
|---|---|
| Attorney for Plaintiff | GARAN LUCOW MILLER, P.C. |
| 835 Mason St. Ste C-116 | Attorney for Defendant Target Corporation |
| Dearborn   MI     48124 | 1155 Brewery Park Blvd., Suite 200 |
| (313) 702-2212 | Detroit, MI  48207 |
| law@hassanzaarour.com | (313) 446-5522 / (313) 259-0450 (Fax) |
|  | ckrause@garanlucow.com |

---

**STIPULATED ORDER FOR EXTENSION OF TIME FOR
DEFENDANT TARGET CORPORATION TO FILE
AN ANSWER TO PLAINTIFF'S COMPLAINT**

At a session of said Court held in the
City of Detroit, County of Wayne, State of Michigan,

ON      7/24/2025

PRESENT:  JUDGE CHARLENE M. ELDER
                        CIRCUIT COURT JUDGE

    This matter having come before this Honorable Court by stipulation of the parties through their respective counsel and the Court being fully advised that the parties are engaged in early settlement discussions in an effort to resolve this matter;

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties through their respective counsel that the deadline for Defendant Target Corporation to answer or otherwise respond to Plaintiff's Complaint is extended to August 29, 2025.

**IT IS SO ORDERED.**

This is not a final Order of the Court and does not close the case.

/s/ Charlene M. Elder
July 24, 2025

_____
Hon. Charlene M. Elder
Circuit Court Judge

I stipulate to entry of the above Order:

/s/ Hassan Zaarour w/consent
HASSAN ZAAROUR (P83043)
Attorney for Plaintiff


/s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorney for Defendant

Dated: July 24, 2025



Courtney Krause <ckrause@garanlucow.com>

## Re: ▇▇▇▇▇▇ - Ali, Feda - 05/19/2024
1 message

**Hassan Zaarour** <law@hassanzaarour.com>  Mon, Aug 4, 2025 at 11:30 AM
To: "Schramm, Kylee" <▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇>, Courtney Krause <ckrause@garanlucow.com>

As you know, we represent Feda Ali in the above-referenced matter currently in litigation in Wayne County Circuit Court. On May 19, 2024, Ms. Ali slipped on spilled shampoo at the Dearborn Target near Greenfield and Ford. There were no warning signs, and Target's own internal report (Ref. No. 224968255) confirms notice and fault. Liability is clear.

We are formally demanding $200,000.00 to resolve this case based on the following:

- Emergency Care & Imaging: EMS transported her to the ER. She was diagnosed with back and knee injuries and prescribed medications and therapy.

- Ongoing Pain & Mobility Loss: Ms. Ali continues to experience persistent lower back pain and has difficulty performing routine daily tasks.

- Loss of Household Function: As the primary caretaker for her four children, she has lost her ability to perform essential household duties.

- Missed Family Milestone: Critically, due to her injuries, she was unable to attend or participate in her daughter's wedding, leading to immense emotional turmoil.

- Emotional & Physical Suffering: The lasting impact on her life justifies a significant noneconomic damages component.

- Projected Future Care: We anticipate $20,000–$30,000 in future care and therapy needs due to ongoing symptoms.

I look forward to hearing from you.


Best Regards,

Hassan Zaarour




-------------------------------------
Zaarour Law PLLC
Hassan A. Zaarour
835 Mason St STE C-116
Dearborn, MI 48124
law@hassanzaarour.com